UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:12-cv-346-RJC

| | |
|---|---|
| JONATHAN CLINGMAN LOGAN, )<br><br>Plaintiff, )<br><br>vs. )<br><br>VAN DUNCAN, Buncombe County )<br>Sheriff, and the BUNCOMBE COUNTY )<br>DETENTION CENTER, )<br><br>Defendants. )<br>_____ ) | **ORDER** |

THIS MATTER is before the Court for initial review pursuant to 28 U.S.C. § 1915(e)

and § 1915A.  On October 31, 2012, pro se Plaintiff Jonathan Logan filed a Complaint, (Doc.

No. 1); an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2); and a Motion

to Appoint Counsel, (Doc. No. 3).

I.      BACKGROUND

        Plaintiff is a state court inmate currently incarcerated at Butner Federal Correctional

Institution–Low.  Plaintiff brings an Eighth Amendment claim for deliberate indifference to a

serious medical need based on events that allegedly occurred while he was incarcerated at the

Buncombe County Detention Center.  See (Doc. No. 1 at 2).  Plaintiff has named as Defendants

the Buncombe County Detention Center and Buncombe County Sheriff Van Duncan.

        Plaintiff states that he was taken into custody at the detention center on December 29,

2010.  (Doc. No. 1 at 3).  He alleges that he had recently had surgery on both feet and he had a

toe amputated, so he was in a wheelchair when he arrived at the detention center.  (Id. at 4).  He

complains that he was placed in a non-handicap cell that did not have a rail or a toilet, and he

-1-

was forced to wait three-and-a-half days to use the restroom. He states that on January 1, 2011, he fell out of the wheelchair when trying to get out of it to use the restroom. (Id.). He was sent to Mission Hospital where he was x-rayed and then released. He alleges that he was released on bail from the detention center on January 3, 2011, and that the next week an MRI revealed that Plaintiff had two ruptured discs at L4-L5 and a slipped disc at L6. (Id.). Plaintiff had a spinal fusion on August 8, 2011. (Id.). Plaintiff alleges that he has "permanent nerve damage and worsening health due to deliberate indifference and lack of basic medical needs by Buncombe County Detention Staff." (Id.).

## II. STANDARD OF REVIEW

### A. Initial Review under 28 U.S.C. §§ 1915(e)(2) and 1915A

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

-2-

ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.    Exhaustion of Administrative Remedies under 42 U.S.C. § 1997e(a)

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action.  42 U.S.C. § 1997e(a).  The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life.  The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted).  The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion:  "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies.  Anderson v. XYZ

-3-

Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

## III.    DISCUSSION

First, as for Plaintiff's motion to proceed in forma pauperis, Plaintiff has submitted a statement from his inmate account at Butner, showing that as of October 22, 2012, Plaintiff's balance was $20.49. The Court finds that Plaintiff qualifies for in forma pauperis status.

Next, as for Plaintiff's motion to appoint counsel, there is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

Finally, the Court considers whether Plaintiff exhausted his administrative remedies before filing this action. The General Assembly of North Carolina has provided an administrative remedy for prisoners in the custody of DOC. N.C. GEN. STAT. §§ 148-118.1 through -118.9 (2005) ("Article 11A"). See (Doc. No. 25-1: Administrative Remedy Procedure).

-4-

Implementing Article 11A, DOC has established a three-step grievance procedure. Step One calls for a response by the administration at the prison facility which is the situs of the grievance. The inmate may accept the decision or appeal. If the inmate appeals the Step One Response, the inmate proceeds to Step Two. Step Two calls for a response by the administration at the next highest administrative level. If the inmate is not satisfied with the Step Two Response, the inmate may appeal to the Inmate Grievance Resolution Board ("Board"), Step Three.

Plaintiff asserts in his Complaint that he did not exhaust his administrative remedies before filing the Complaint because his cause of action arose at the Buncombe County Detention Center, and he is currently housed at Butner Low Security Correctional Institution. He asserts, "Therefore, I do not believe I have administrative remedies relating to this complaint at this time." (Doc. No. 1 at 2). By Plaintiff's own allegations, he has failed to exhaust the administrative remedies available to him. Therefore, the Complaint must be dismissed for failure to exhaust administrative remedies.

Finally, the Court notes that even if Plaintiff had exhausted his administrative remedies, the Complaint would still be subject to dismissal for failure to state a claim. First, the Buncombe County Detention Center is not an entity capable of being sued. Second, Plaintiff makes no allegation in the Complaint whatsoever of any personal involvement by Sheriff Duncan in any of the conduct that allegedly violated Plaintiff's Eighth Amendment rights. A claim based on the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The only other way a plaintiff can state a claim against a supervisor is by showing "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that

-5-

knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has not plead any facts tending to show that Sheriff Duncan knew about any of the problems he alleges. Thus, even if Plaintiff had exhausted his administrative remedies, the Complaint would still be subject to dismissal for failure to state a claim.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1)     Plaintiff's application to proceed in forma pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

(2)     Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**.

(3)     Plaintiff's action is **DISMISSED** for failure to exhaust administrative remedies.[1]

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] A dismissal for failure to exhaust administrative remedies is without prejudice. However, since Plaintiff has been transferred away from the Buncombe County Detention Center, the dismissal is effectively with prejudice since Plaintiff can no longer exhaust his administrative remedies.

-6-